RuffiN, C. J.
 

 The third exception of the plaintiff to that account, and both of the exceptions of the defendant, Hoyt, thereto, relate to the same matter, and maybe considered together. The deeds of trust mentioned in the pleadings stipulate, that the Trustee shall have a commission of five per cent, on both sides of his account, and also his reasonable expenses in the execution of the trusts. The Master all ows five per cent, on the receipts, and seven and a half per cent, on the sum of 17,186 40, as disbursements; and makes no allowance for expenses. He reports that the Trustee'pt'oduced and claimed a large amount for expenses, amounting to several hundred dollars, which he rejected, on the ground of its unreasonableness ; and that, instead of making any allowance on that score, he added two and a half per cent.: and the defendant, Hoyt, excepts, first, because allowances were not made for his loss of time, personal services, and expenses ; and secondly, because insufficient commissions were allowed him. The Trustee is not entitled to compensation for his time and services, beyond the commissions : because the commissions constitute such compensation ; and in this case the parties fixed the rate, which, indeed, appears to the Court to be fully adequate.
 

 To his expenses he was also entitled : and it would have been most proper that the Master should have made an allowance for them specifically. But, upon computation, it is found, that the two and a half per cent, on the dis
 
 *224
 
 bursements, which the Master gives for the expenses,’ amounts to about #180; and, upon looking through the accounts, and considering the nature of the defendant’s duties, as stated in the testimony, it appears to the Court that would have been a reasonable allowance for his expenses. The Court will not, therefore, distuib the account — since the error is merely in form, and substantial justice has been done. All those exceptions are over ruled.
 

 The Court sees no reason to differ from the Trustee as to the allowance of commissions on the administration account of the defendant, James S. Clark: and, therefore, the exceptions of both the plaintiffs and the defendant thereto are over-ruled.
 

 Per CuRiAin. Decree accordingly.