W. R. S. BURBANK, et. al., vs. S. H. WILEY, et. al.*

A decree *ought* in all and *must* in cases of an equity character arising under the C. C. P., declare the facts upon which the law is adjudged.

In equity cases pending at the adoption of the C. C. P., this Court can either try the facts or direct issue to be sent down, but usually adopts the latter course as in this case.

This was an equity cause pending in the Court of Equity for Beaufort county at the adoption of the Code of Civil Procedure, and was transferred to the Superior Court under the provisions of the Code.

At Fall Term 1870, His Honor Judge Jones, proceeded to render a decree in the old form, which, however, contained no declaration or finding of the facts, nor did they otherwise appear from the papers, to have been found.

From this decree the defendant appealed.

*Fowle* for the plaintiff.

*McCorkle & W. H. Bailey* for defendants moved to remand for the above stated defect.

READE, J. .A decree ought to declare the facts, upon which, the law is adjudged. Under the C. C. P., when that is not done in new cases, we have to send the case back because we can try no issue of fact. It is otherwise in equity cases pending at the adoption of C. C. P., as this case was. But even in old cases we usually direct issues to be sent down. The decree

*This case was decided at January Term 1871, but by some oversight, was not reported. The Attorney General considers it as involving a question of practice of sufficient importance to require a report even at this time.

CLARK *v.* STANLY—Read after syllabus 4: "It is therefore unconstitutional."

in this case declares no facts, and the issues are such as we are unwilling to try. We have, then, either to send down issues or to remand the case that his Honor below may, in such way as may seem to him best, find the facts. To this end the judgment is reversed and the case remanded.