BURBANK & GALLAGHER v. S. H. WILEY and others.

*Partnership—Mortgage—Evidence.*

1. Where one partner executes a mortgage on a stock of goods to se-
cure payment of his share in the purchase of the same, and upon a
subsequent dissolution of the firm and sale of its effects by a receiver,
the purchaser acquires title subject to the right of the mortgagee to
his proportionate share of the assets. The mortgagor is also a credi-
tor of the firm as to any amount advanced by him after the date of
the mortgage.

2. The declarations of a mortgagor after the execution of the deed are
not admissible to prove an alleged fraud between him and the mort-
gagee, in an action wherein the mortgagee is plaintiff and a third
party is defendant (involving the rights of the plaintiff under the
deed).

3. Such declarations are only evidence against the mortgagor himself
in a proceeding between him and such third party.

BILL IN EQUITY heard at December Special Term, 1877, of
BEAUFORT Superior Court, before *Schenck, J.*

This was a suit instituted in 1867, in the late Court of
Equity and subsequently referred to E. S. Hoyt who found
that the plaintiffs and one Morris were engaged in the sale
of drugs and medicines. In March, 1866, they sold their
entire stock to Henry C. Morris, A. J. Mock and S. H. Wiley
for $6,000. Morris bought one half of the goods and gave
plaintiffs a note and mortgage on his share of the stock to se-
cure half of said sum. Mock and Wiley bought one fourth each
of the goods and paid plaintiffs the other half of said sum
in cash. The purchasers then entered into partnership to
carry on the business for five years under the firm name of
H. C. Morris & Co., sharing in the profits and losses in pro-
portion to the amount of stock owned, and Morris conduct-
ing the business at an annual salary of $1,000. They dis-
solved in about six months and D. A. Davis was appointed
receiver to settle the partnership affairs, and he sold the

stock to Roberts & Co. by consent of the late partners, but not with the consent of the plaintiffs.

After paying the debts of the firm, Davis had in his hands for distribution among the parties the sum of $2,045.25, all of which he paid to defendants, less about $200 which he paid to plaintiffs.

The bill was filed to obtain an account and a proper distribution of these assets. The defendants answered that the plaintiffs had been guilty of fraud by representing the stock to be greatly in excess of its real value at the time of sale, and relied upon this in bar to an account, and upon a trial at Fall Term, 1870, before *Jones, J.,* a decree was rendered for plaintiffs. From this judgment the defendants appealed and the case was remanded in order that issues of fact might be found. 66 N. C. 58. At the succeeding term of the Superior Court, the defendants obtained leave to file a plea supported by answer setting up the report and action of said Davis as an award, and upon a trial at Spring Term, 1873, before *Moore, J.,* the plea was overruled,—the replication showing that the plaintiffs, the mortgagees, had not consented to the agreement under which Davis acted,—leave given to defendants to answer over, and an account ordered to be taken. From this judgment the defendants appealed, and the judgment below affirmed at June Term, 1873, of this Court—Opinion by SETTLE, J., but not reported.

Afterwards all the matters in controversy were referred to said Hoyt, who reported to the effect that there was no fraudulent representation, and that the stock sold was as much as defendants claimed plaintiffs to have represented it to be ; that there was due plaintiffs the sum of $3,140.73—including interest, Morris' salary, and money advanced by him to the firm.

To this report the defendants excepted: That no sufficient notice for taking the account was given, that the

books from which the referee derived materials for his re-
port were not exhibited, nor did he report separately the
accounts of the partnership and the individual members
thereof, that the pleadings did not show that defendant
Morris filed any answer or in any way made any claim
upon his co-defendants, and any report of balance due by
them to him was void and does not warrant judgment
thereon, and that he does not set out the articles of co-part-
nership upon which he bases his report. Exceptions over-
ruled.

The defendants offered to prove the declarations of Mor-
ris, made after the execution of the mortgage, as tending
to show fraud on his and plaintiffs' part in the sale of the
stock of goods, which was ruled out. Defendants excepted.
Judgment for plaintiffs according to report. Appeal by
defendants.

*Messrs. J. E. Shepherd* and *Mullen & Moore,* for plaintiffs.
*Mr. D. M. Carter,* for defendants.

READE, J. Without entering into the consideration of
the question as to the operation of the mortgage deed of
Morris upon the effects of the partnership of Morris & Co.
acquired *after* the execution of the deed, in regard to which
the facts are not ascertained, it may be declared that the
effect of the deed was to convey to the plaintiffs all the in-
terest of Morris, in the effects of the partnership of Morris
& Co., as one of the partners at the time of the conveyance,
and at the subsequent sale of the effects of Morris & Co. to
Roberts & Co. Take that to be so, then one half of the net
amount of the sale of the effects by Morris & Co. to Roberts
& Co. (less so much thereof as was paid to plaintiffs) be-
longed to the plaintiffs.

The referee, Hoyt, reports the net amount realized after
paying the liabilities of the partnership, at $2,045.25. One

half of this amount, less the amount which was paid to plaintiffs, is the amount to which they are entitled without interest.

One half of the amount which shall be found to be due the plaintiffs shall be paid by the defendant, Mock, and the other half by the defendant, Wiley.

The plaintiffs are not entitled to the amount which Morris is reported to have advanced to the firm, nor to the amount due him for wages after the date of the mortgage deed,—in regard to which he is a creditor of the firm, as any one else would have been.

The clerk of this Court will make the calculations and report, and there will be judgment here accordingly. The clerk of this Court will be allowed for this service $10. The costs in this Court and in the Court below will be equally divided between the parties.

The majority of the Court are of the opinion that the declarations of Morris after he made the mortgage deed to plaintiffs, are not evidence to prove the alleged fraud by the plaintiffs and Morris, in the sale by them to the defendants; that Morris' declarations are only evidence against himself if he shall pursue the defendants.

PER CURIAM.            Judgment modified and affirmed.