M. MILLHISER & CO. v. W. H. PLEASANTS, et al.

*Written Contract, Construction of* — *Chattel Mortgage*— *Deed of Trust.*

1. Where there is no allegation of fraud or mistake in the execution of a writing which embraces the whole contract between the parties, the nature and effect of the contract are matters of judicial construction upon an inspection of the whole instrument.

2. Whether an instrument conveying property for the payment of a debt is a mortgage or deed of trust depends, not upon what it is called, but upon the powers, rights and duties conferred upon the parties named in the deed, and especially upon the grantee.

3. Where one partner conveyed all his interest in partnership chattels to his individual creditor to secure his debt, the instrument providing that the goods so conveyed should remain in the place of business, subject to all the rights of the other partner, that the firm debts should first be dis-charged and that only the net interest of the grantor should be subjected to the grantee's debt ; *Held*, that the instrument was a mortgage securing the individual debt of the maker to the grantee and not a deed of trust imposing on him the duty to take into his possession the entire interest of the grantor in order to protect other creditors of the firm.

CIVIL ACTION, by Millhiser & Co. against W. H. Pleas-ants, to have the latter declared a trustee for the benefit of creditors, and to recover from him, as such trustee, cer-tain amounts claimed to be due plaintiffs, tried before *Hoke, J.*, and a jury, at ——— Term, 1895, of FRANKLIN Superior Court.

The deed of assignment from Jacob Thomas to the defend-ant, under which plaintiff sought to have defendant declared a trustee, was as follows :

" This deed, made this the 17th day of November, 1891, by Jacob Thomas to W. H. Pleasants, witnesseth : That whereas, the said Jacob Thomas is justly indebted to W. H. Pleasants and R. G. Hart, trading as Pleasants & Hart, in the sum of $220, or thereabouts, due by account, and to W. H. Pleasants, in the sum of $170, due by note ; and whereas, he is desirous of securing to said Pleasants & Hart, and to said Pleasants, the amount due each :

" Now, therefore, for and in consideration of the premises and for the purposes aforesaid, and for the further con-sideration of ten dollars, by the said W. H. Pleasants to the said Jacob Thomas paid, receipt for which is acknowl-edged and surrendered, the said Jacob Thomas does hereby sell and convey to the said W. H. Pleasants and to his assigns the following described personal property, to-wit :

" All the leaf tobacco of said Jacob Thomas in the base-

ment of the Riverside warehouse or in the warehouse of Pleasants & Hart, or elsewhere; all the interest of the said Jacob Thomas in and to the tobacco raised during the year 1891 on the land of W. H. Pleasants by Thomas & Pippin ; the one-half interest of the said Jacob Thomas in and to the stock of goods, wares and merchandise, store furniture and so forth of Pippin & Thomas, now in the Carlisle store on Main Street, next to Crenshaw, Hicks & Allen.

" To have and to hold the said tobacco herein conveyed and the interest in goods, wares and merchandise unto him, the said W. H. Pleasants, and to his personal representatives and assigns. But on this special trust, however, that is to say : The said W. H. Pleasants shall, immediately upon execution of this paper, take possession of the tobacco herein conveyed and shall, at the best advantage and for the best prices obtainable, sell the same, the net amount of sales from which shall be applied to the satisfaction, in so far as it may extend, of the debt due Pleasants & Hart and W. H. Pleasants as aforesaid. The stock of goods herein conveyed, or the interest in the same herein conveyed, shall be and remain in the store or place of business of the firm, and the said W. H. Pleasants is simply put into possession of said stock of goods as a partner of said Pippin in lieu of the said Thomas, subject to all the rights of the said Pippin in the premises, and with the express declaration that the partnership debts and liabilities are first to be discharged as by law required, and only the net interest of the said Jacob Thomas shall be and is hereby made subject to the debts herein attempted to be secured, and the said Pippin is hereby directed to pay over to the said W. H. Pleasants the net amount ascertained to be due the said Thomas. So much of the proceeds of the sale of the tobacco herein conveyed, and of

the interest of the said Thomas in the said partnership, as may be necessary to pay the debts herein named, shall be applied by the said W. H. Pleasants to that purpose, after he has first paid the cost of executing this trust, including cost of probating and recording this deed, and a reasonable fee to the attorney for drawing the same, and the balance, if any, shall be paid over to the said Jacob Thomas or his assigns.

"In testimony of which the said Jacob Thomas has hereunto set his hand and seal the day and date above written.

"JACOB THOMAS (Seal).

"Witness: W. H. PLEASANTS, Jr."

On the trial, his Honor having intimated his opinion that the deed imposed no duty on the trustee to look after the interest of parternership creditors, unless he voluntarily assumed to do so and took possession of the goods (in which case he would be held to strict account) and it being admitted that defendant did not take possession of the goods, &c., the plaintiff submitted to a non-suit and appealed.

*Messrs. W. M. Person, Shepherd & Busbee* and *Thos. B. Wilder*, for plaintiffs (appellants).
*Messrs. F. S. Spruill, T. W. Bickett*, and *R. O. Burton*, for defendants.

MONTGOMERY, J.: The only question raised by the appeal is, was the failure of the defendant to take into his possession for the benefit of the plaintiffs the one-half interest of Thomas in the partnership goods of Pippin & Thomas, under the deed from Thomas to the defendant, a breach of duty which the defendant owed to the plaintiffs? and this

question will find its solution in the proper legal construction of the deed itself. That instrument, which is the foundation of this action, embraced the whole contract between the defendant and his debtor, Thomas, and as there was no allegation in the complaint that there was either fraud or mistake in its execution, the court below held properly that the nature and effect of the contract was a matter of judicial construction and intimated that the plaintiffs could not recover. Whether a paper-writing be a deed of trust or, whether it be a mortgage, depends not upon what it may be styled, but upon the powers, the rights and the duties conferred upon the parties named in the deed, and especially upon those conferred on the grantee, these powers and duties and rights being the subject of legal construction upon an inspection of the whole instrument. In this case if the deed be simply a mortgage made to secure the debts which the grantor owed the defendant, the plaintiffs cannot recover, and there was no error in the ruling made by his Honor. If, on the other hand, it appears that any duty was imposed on the defendant in the deed to act for or to protect any interests of the plaintiffs, the defendant having undertaken the execution of the deed as to those parts which were for his benefit, he will be held a trustee and accountable to the plaintiffs for any damages which they may have sustained by reason of his failure to fully execute the trust. A mortgage is a security for debt with the right in the debtor to pay the debt and thus redeem his property. In a deed of trust for creditors there is a security for debt, and at the same time duties and powers are conferred upon the trustee for the benefit of all the creditors which he can neglect to perform only at his peril. The plaintiffs contend that the instrument is a deed of trust and that by its provisions the defendant was required to take into his possession the goods conveyed to him and

118—16

to hold and dispose of the same for their benefit; and that having executed the trust upon other property conveyed in the deed for his own benefit, he could not refuse to execute that part of the trust which was of benefit to them. The debtor, Thomas, if he had intended and desired to confer upon the defendant such power would have had no right, in law, to do so. If under the deed the defendant had demanded of the other partner, Pippin, possession of the goods conveyed to him by Thomas for the purpose of controlling and disposing of them for the plaintiffs' benefit the partnership would have been dissolved, and the surviving partner, Pippin, himself, entitled to settle the partnership affairs, dispose of its assets and pay its debts. The rights of Pippin, in all the partnership matters, both in its continuance and after its dissolution, accrued on the formation of the partnership with Thomas, and no assignment by Thomas of his interest in the goods of the partnership could abridge or destroy those rights. Jones on Chattel Mortgages, Sec. 45. But no such purpose or intimation on the part of Thomas appears in the deed, either in its language or by any proper construction that may be put upon it. Only the *net* interest of Thomas in the stock of goods, after the partnership debts had been discharged as by law required, was conveyed to the defendant (for the benefit of the defendant's debts alone) and the net amount to be ascertained by the other partner, Pippin, and paid over to the defendant by Pippin, as the plain and clear words of the deed declare: "The stock of goods herein conveyed, or the interest in the same herein conveyed, shall be and remain in the store or place of business of the firm, and the said W. H. Pleasants is simply put into possession of said stock of goods as a partner of said Pippin in lieu of the said Thomas, subject to all the rights of the said Pippin in the premises, and with the express declara-

tion that the partnership debts and liabilities are first to be discharged as by law required, and only the net interest of the said Jacob Thomas shall be and is hereby made subject to the debts herein attempted to be secured, and the said Pippin is hereby directed to pay over to the said W. H. Pleasants the net amount ascertained to be due the said Thomas."

In our opinion the deed is only a mortgage, and was executed to secure only the debts of the defendant; and of course he had the right to enforce his rights in whole or in part as he saw fit. If he by any means, with the consent of Pippin, had taken possession of the goods conveyed to him by Thomas, he would have been responsible to the plaintiffs for their value upon the principle decided in the case of *Brassfield* v. *Powell*, decided at the last term of this Court (117 N. C., 140).

The recitals in the deed declare expressly that the purpose of the grantor was to secure his indebedness to the defendant. The plaintiffs, including all other partnership creditors of Pippin & Thomas, have no cause of complaint against the defendant, for he did not have the right in law to take from the possession of Pippin the interest of Thomas in the partnership goods under the deed, if he had been disposed so to do. There was no error in the ruling of his Honor, and the judgment is affirmed.

No Error.