LOUISA M. DANIEL v. J. W. CROWELL, Sheriff.

(Decided December 22, 1899.)

*Partnership—Individual Creditor of One Partner—Creditors of the Firm—Mortgage by One Partner of his Partnership Interest to Secure his Individual Debt.*

1. Creditors whose goods constitute the assets of a firm, or kept the business running, should be preferred to a mortgagee, under a mortgage made by one of the firm to secure an individual debt, even though the partnership debts are later in date than the mortgage.

2. Such mortgage passes only the interest of the mortgagor in the firm, and that interest is the surplus after payment of partnership debts, and where the partnership is insolvent, there is no surplus for the mortgagee.

CIVIL ACTION against the defendant, Sheriff of Wilson County, for levying on and selling goods claimed by plaintiff,

tried before *Moore, J.,* at May Term, 1899, of WILSON Superior Court, a jury being waived.

The plaintiff claimed a half interest in the goods under a mortgage made to her to secure an individual debt due her from the mortgagor, one of the firm of Carraway & Batts.

The defendant levied executions in his hands in favor of general creditors of the firm upon the whole stock, and sold the whole, after allotting to each partner his personal property exemption, and applied the proceeds to the satisfaction of the executions.

The debt due plaintiff and secured by the mortgage of Carraway to her of his interest in the firm of Carraway & Batts, dated in 1886, amounted to $1,500. The execution sales made in 1887 amounted to $1,440.

His Honor decided the plaintiff was entitled to receive $720, one-half of the fund, and rendered judgment accordingly.

Defendant excepted and appealed.

*Messrs. Shepherd & Busbee,* and *J. E. Woodard,* for appellant.

*Mr. C. C. Daniel,* for appellee.

CLARK, J. On April 17, 1886, Carraway, of the firm of Carraway & Batts, executed a mortgage to plaintiff upon his entire interest in the stock of goods, wares and merchandise of the firm. There was no evidence that the other partner assented to this mortgage. On December 28, 1886, the firm made a general assignment for benefit of creditors in which the trustee therein named was directed to prefer the plaintiff's debt, but that assignment was set aside at instance of creditors as fraudulent and void. On December 30, 1886, Carraway made another mortgage to plaintiff embracing the

entire interest of the mortgagor in the firm assets of the late firm of Carraway & Batts. On January 22, 1887, the defendant sheriff, under executions in favor of the creditors of the firm, seized their stock of goods and merchandise and sold them, first setting apart the personal property exemption of each of the partners.

This is an action by the plaintiff to recover one-half of the proceeds of the sale as applicable to her debt. The plaintiff took no steps to wind up the partnership, and the case of *Bank v. Fowle*, 57 N. C., 8, is exactly in point. "Where the interest of one partner in the property of the firm is assigned by him as security for his individual debt, and the assignee permits the business to go on in its ordinary course, such security becomes subject to the fluctuations of the business, and, upon the subsequent dissolution, is only entitled to what remains to such partner after the payment of the debts of the firm." This is approved in *Wilson v. Lineberger*, 83 N. C., 524.

In 1 Bates on Partnership, sec. 186, it is said: "But his (the partner's) interest, mortgaged or sold, is subject not only to existing liabilities, but also to subsequent equities, and the claims of subsequent creditors and the fluctuations of business. *Hence, though the partnership debts are later in date than the mortgage or assignment* of the share, yet the mortgagee gets only the interest in the surplus *as of the date of its ascertainment or of the foreclosure,* and not as of the date of its execution or default. * * * Hence, if the title of the property is subsequently conveyed as a partnership act * * * the second sale conveys a title discharged of all lien or right under the previous individual act of mortgaging or assigning a separate share." In support of the above the author cites authorities from New York, New Jersey and other States, among them the North Carolina cases of *Bank v. Fowle, supra,* and *Burbank v. Wiley,* 79 N. C., 501.

This principle has been recently recognized in *Millhiser v. Pleasants,* 118 N. C., 242, in which the Court says: "The rights of Pippin in all the partnership matters, both in its *continuance and after its dissolution,* accrued on the formation of the partnership with Thomas, and no assignment by Thomas of his interest in the goods of the partnership could abridge or destroy those rights. Jones on Chat. Mortgage, sec. 45."

See also, 17 Am. and Eng. Ency., 968: "And a sale under an attachment against the firm will pass to the buyer a title unincumbered by any lien placed by a partner upon his interest. This rule applies as well to debts incurred and transfers made *after* the sale or incumbrance by one partner as before, *the balance at the time of the winding up and accounting, or the foreclosure,* being all that the lien against, or the transfer by, the partner can act upon."

Indeed, it is consonant to equity and justice that the creditors whose goods constitute the assets or kept the business running should be preferred to the mortgagee, an individual creditor of one of the partners.

The mortgage to plaintiff passed only the interest of Carraway in the firm, and that interest is the surplus after payment of partnership debts. The partnership being insolvent, there is no surplus subject to the mortgage and, upon the facts found, judgment should have been entered against the plaintiff for costs.

Reversed.