## J. W. IVIE v. BLUM & BITTING.

### (Filed 1 May, 1912.)

**Partnership—Mortgages of a Partner—Receiver—Continued Business—Creditors—Priority of Payments.**

> The indorsers on a note made to a bank for money borrowed for the purchase price of an interest of a retiring partner from a firm, secured by a mortgage on the partner's interest in the firm's assets, agreed with other creditors of the firm that a receiver, thereafter appointed, should continue the business, which he did, incurring further indebtedness of the firm by continued purchases. The indorsers paid off the bank indebtedness and brought suit to foreclose the mortgage: *Held,* the mortgage held by the indorsers is in subrogation to the rights of the bank, being on the individual interest of a partner, and was subject to the fluctuations in business and postponed to the payment of the firm's creditors; (2) that class of creditors of the firm who sold goods to the receiver had the right to prior payment to the class who existed at the time of the appointment of the receiver, and who consented to his continuing the business.

APPEAL by defendants from *Lyon, J.,* at October Term, 1911, of FORSYTH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*D. H. Blair, W. V. Hartman, and J. E. Alexander* for plaintiff.

*Manly, Hendren & Womble* for defendants.

CLARK, C. J. In 1906 C. R. Bitting bought the half interest of Fleming in the firm of Blum & Fleming, and to obtain money to pay for the same executed a mortgage on the half interest thus acquired, and the firm became Blum & Bitting. In May, 1907, Blum & Bitting made a deed of assignment to Charles E. Shelton. Later this suit was instituted and a receiver was appointed. W. A. Whitaker and Mrs. L. P. Bitting were indorsers on the note of C. R. Bitting for $1,600 for which the aforesaid mortgage was executed. They paid off the note to the bank and seek to foreclose the mortgage which was given to secure them by reason of their indorsement.

The creditors of Blum & Bitting and W. A. Whitaker and Mrs. L. P. Bitting consented for C. E. Shelton, assignee, to continue the business, which he did with their consent for more than a year. While so conducting the business C. E. Shelton contracted sundry debts. In December, 1908, this suit was brought and a receiver appointed therein. He sold the property of the firm, which brought $1,600. The case was referred to a referee to state an account and determine the priorities of the different creditors claiming the fund derived from the sale of the property. The referee found that the creditors of C. E. Shelton, assignee, while continuing the business with the consent of the creditors, were entitled to the first lien; that the creditors of Blum & Bitting were entitled to the second lien, and that W. A. Whitaker and Mrs. L. P. Bitting, claiming by virtue of their mortgage on the undivided one-half interest of Bitting in the business, came in after the above two classes of creditors.

In *Daniel v. Crowell*, 125 N. C., 521, the Court cites with approval from *Bank v. Fowle*, 57 N. C., 8, as follows: "Where the interest of one partner in the property of the firm is assigned by him as security for his individual debt, and the assignee permits the business to go on in its ordinary course, such security becomes subject to the fluctuations of the busi-

*In re* MILLER.

ness, and upon the subsequent dissolution he is only entitled to what remains to such partner after the payment of the debts of the firm." Bates on Partnership, sec. 186, says: "But his (the partner's) interest, mortgaged or sold, is subject not only to existing liabilities, but also to subsequent equities and the claims of subsequent creditors and the fluctuations of business. *Hence, though the partnership debts are later in date than the mortgage or assignment* of the share, yet the mortgagee gets only the interest in the surplus *as of the date of its ascertainment or of the foreclosure,* and not as of the date of its execution or default."

It is equally well settled that the creditors in the indebtedness incurred by Shelton in continuing the business with the consent of the prior creditors of the firm are entitled to priority over such creditors. 3 A. and E. Enc., 117; *Sherrill v. Shuford,* 41 N. C., 228; *Clark v. Hoyt,* 43 N. C., 222. In this class of preferred debts was properly allowed the rent to Grogan for the buildings and grounds where the business was conducted by Shelton.

The report of the referee was properly confirmed by the court.

Affirmed.