STOUT *v*. FORTNER, and WHITE *.v*. SPEARS *et al.*

Where after certain goods were attached as the property of F., by an individual creditor of the said F., one S. filed his bill in chancery against F. and the attaching creditor, alleging that he and F. were partners; that the goods attached belonged to this partnership; and that the firm was insolvent, and praying that the partnership be dissolved—the assets applied to the payment of the partnership debts—and that a full account be taken, and one half of the balance, after paying the joint debts, be paid over to him—in which suit an injunction was granted; and where F. was never served with process, nor appeared and answered the bill; and where on the hearing the court dissolved the injunction ; *Held*, 1. That the case, at the time the injunction was dissolved, was in no situation to entitle complainant to relief; 2. That the injunction was properly dissolved.

So, where a party claimed to be a creditor of a co-partnership, filed his bill in chancery against F. & S., as partners, and an individual creditor of F.'s, who had attached goods which were alleged to be the property of the said firm, praying that the right to the proceeds of the goods might be declared paramount to the attaching creditor, and the same applied to the payment of his debts, and for an injunction, which was issued ; and where F. and S. were never served with process, and made no appearance; and where the district court, on motion of the attaching creditor, dissolved the injunction; *Held*, That the injunction was properly dissolved.

Where a bill in chancery is filed, alleging that certain property belongs to a co-partnership, and asking that the same be applied to the payment of the partnership debts, no decree can be rendered in accordance with the prayer of the petition, until the alleged partners are brought into court as parties, or voluntarily enter an appearance.

In equity, in case of the insolvency of a partnership, its creditors are treated as the ultimate *cestuis que trust* of the joint fund, to the extent of their debts; but this right, or equity, the creditors can only reach through the partners.

Where it does not appear from the record, that a defendant was either served with process, or voluntarily appeared in the court below, on ap-

peal, an affidavit of an attorney cannot be received in the appellate court, to show that he was employed by the defendant, and in fact appeared for him in the court below.

*Appeal from the Mahaska District Court.*

FRIDAY, NOVEMBER 5.

Spears, Case & Co. sued Daniel Fortner, for money obtained by him of them under false pretences. In this action, certain goods were attached as the property of Fortner. Before judgment, the goods were sold, and the proceeds paid into the hands of the clerk. After this, Jasper Stout and B. B. & E. H. White, filed their bills, to the effect and for the purpose following: Stout, in his bill, claims that he and Fortner were partners, and that the goods attached belonged to this partnership, and that the firm is insolvent—and asks that the partnership may be dissolved; that the assets be applied to the payment of the partnership debts; that a full account be taken ; and that one-half of the balance, after paying the joint debts, be paid to him. The Whites, by their bill, state that they are creditors of the firm of Fortner & Stout; that said firm is insolvent; that the property attached, is the property of the firm, and not of Fortner; and ask that their right to the proceeds of the goods, may be declared paramount, and the proceeds thereof may be applied to the payment of their debt.

Neither Fortner or Stout answer the bill filed by the Whites, nor were they ever served. Fortner was never served in the case of Stout, nor does he answer. Spears, Case & Co., are made parties to both bills, and answer, denying, under oath, all of the materal allegations in the bills of complainants; and especially do they deny the partnership, and any joint interest in the goods attached. An injunction was granted in both cases. On the hearing, this was dissolved, and complainants appeal.

*Crookham & Fisher*, for the appellants.

*E. W. Eastman*, and *W. H. Seevers*, for the appellees.

WRIGHT, C. J.—These cases relate to the same transaction—have been argued together and will be so decided.

Counsel have presented various considerations for and against the correctness of the ruling of the court below. We shall direct our attention to but one.

The proof leaves it doubtful whether any partnership existed between Fortner & Stout. If it did exist, however, the cases at the time the decrees were made, were in no situation to entitle complainants to the relief asked. Stout, by his bill, seeks a dissolution of the partnership, and a settlement of its affairs. Before this could possibly be decreed, or any final order made, that Stout had an interest in the property, Fortner should have been served, or in some manner brought before the court. This was never done. It is true that the bill prays that he may be made a party, but no steps were ever taken to serve him, nor did the court ever have any jurisdiction, so as to make any decree touching the partnership or its assets. Stout makes S. C. & Co. parties and they answer, and they are the only respondents in court.

The same is true as to the bill filed by the Whites. They seek to make Fortner & Stout parties, but have never taken any steps to bring them into court. Until this was done, there could be no decree subjecting the property in controversy, to the payment of their debt. While the joint property is treated as a trust estate, which is primarily to be applied to the partnership debts, against all persons not having a higher equity, yet this equity the creditors work out through the medium of the partners. They have no lien upon the partnership property. They may at law recover judgment, issue execution, and obtain possession of it, but before levy there is nothing to prevent the partners from transferring it, by a *bona fide* sale. In equity, in case of insolvency, they are treated as the ultimate *cestuis que trust* of the joint fund, to the extent of their debt; but this right or this equity, they can only work out

through the partners.   The partners have a right in equity to have the property so applied, and to this right, under a proper bill, with proper parties, the creditors may be substituted. Story's Eq. Jur., 1253 ; Collyer on Part., sec. 361 and 322, Note 2; Story's Eq. Pleadings, sec. 135, *b*, Note 1, 166, 167 and 168 *a*.

It seems inexplicable that complainants should have submitted their cases to the court, in such a condition.   Testimony was taken, and the cause prepared as for final hearing, and still the most essential parties were not before the court.   Under such circumstances, we think the chancellor was fully justified in dissolving the injunction.   He might well conclude, that there was no serious intention to have the rights of the parties properly adjudicated.

Since the decree below, an affidavit has been filed by an attorney, stating that he was employed by Fortner & Stout, to appear for them as respondents ; and that he did make an appearance, and supposed, until since the decree, that this appeared from the record.   We need do no more than say, that this affidavit cannot be noticed at this time. We take the case as it stood when appealed, and not as it may have been made by depositions and affidavits filed since that time.   *Perkins* v. *Testement*, 3 G. Greene, 207 ; *Pilkey* v *. Gleason et al.*, 1 Iowa. 85.

Decree affirmed.