FRED VINCENT, Respondent, v. CLAUS VIETHS, Appellant.

St. Louis Court of Appeals, December 4, 1894.

1. **Statute of Frauds:** ACCEPTANCE. To satisfy the statute of frauds in relation to the sale of goods, there must be an acceptance of the goods sold by the purchaser.

2. ———: SALE OF INTEREST IN PARTNERSHIP. The sale by a partner of his interest in the partnership is not within the statute of frauds.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Lubke & Muench* for appellant.

The transfer of the interest in the partnership made by the plaintiff to the defendant was within the statute

of frauds. The language of the statute—"goods, wares and merchandise"—includes shares of stock in a corporation or joint stock company: (*Fine v. Hornsby*, 2 Mo. App. 61; *Bernhardt v. Wallis*, 29 Mo. App. 206; *North v. Forest*, 15 Conn. 400; *Calvin v. Williams*, 3 Har. & J. 38; *Tisdale v. Harris*, 20 Pick. 9; bank notes (*Riggs v. Magruder*, 2 Cranch, C. C. 143; *Gooch v. Holmes*, 41 Maine, 523); promissory notes (*Baldwin v. Williams*, 3 Metc. 365); land scrip (*Smith v. Bouck*, 33 Wis. 19); book accounts (*Walker v. Supple*, 54 Ga. 178); contract to engage in a venture in hay (*Mace v. Heath*, 30 Neb. 620); an interest in a vessel bought for partnership purposes (*Brown v. Slantor*, 23 Wis. 244). And an agreement to purchase plaintiff's subscription in aid of the construction of a railroad would be, if plaintiff had paid the subscription and thus made the property of it to be the subject of sale (*Kauffman v. Harstock*, 31 Iowa, 472).

*John A. Gilliam* and *John W. Drabelle* for respondent.

The interest sold were not goods, wares and merchandise. *Coleman v. Eyre*, 45 N. Y. 41; *Lewin v. Stewart*, 10 How. Pr. 509; *Kessel v. Albetis*, 56 Barb. 367; *Whittemore v. Gibbs*, 24 N. H. 484; *Abbott v. Shepard*, 48 N. H. 17; *Baden v. State*, 1 Gill. 171; *Vawter v. Griffin*, 40 Ind. 602; *Somerby v. Buntin*, 118 Mass. 285; *Humble v. Mitchell*, 11 Ad. & El. 205; *Tempest v. Kilner*, 3 M. G. & S. 251; *Webb v. Railroad*, 26 Atl. Rep. (Md.) 113.

BIGGS, J.—Is a contract for the sale of the interest of a partner in the partnership business within the statute of frauds? That is the only question presented by this record for our decision.

In May, 1892, the plaintiff and George Steffen were awarded the contract for wrecking the old Planter's House. They agreed with the owners of the property to give $1,500 for the material in the building, and to remove it from the premises; and they immediately commenced the work. Afterwards the contract for the excavation and stone work for the new Planter's House was awarded to the defendant. The plaintiff claimed that he was also a partner in that contract. The evidence offered by the plaintiff tended to prove that, before the firm of Steffen and Vincent had completed their work, and after the contract above mentioned had been awarded to the defendant, the plaintiff and defendant entered into an oral agreement, by which the plaintiff sold his interest in both firms to the defendant at the agreed price of $500; that at the time an inventory was made of the liabilities and assets of the firm of Steffen and Vincent; that the assets consisted of a lot of book accounts for materials sold, and also the remaining material of the old building, some of which was deposited on the side walks around the premises; that the trade was made on the premises, and that, after it was agreed on, the plaintiff left the defendant and Steffen in possession of everything. The present action is to recover the $500. The defendant denied making the purchase, and also interposed in his answer the plea of the statute of frauds. The jury found the issues for the plaintiff, and the judgment was entered for the amount sued for. The defendant has appealed, and assigns for error the action of the court in giving and refusing instructions.

The court on its own motion instructed the jury as follows:

"Gentlemen of the jury: It is not necessary that the agreement between plaintiff and defendant—if you find and believe from the evidence that any such agree-

ment was actually made between them for the sale by the plaintiff and the purchase by the defendant of the plaintiff's interest in the contract for the wrecking of the old Planter's House, and of whatever interests, if any, which the plaintiff may have had in the contract for the excavation and the stone work of the new Planter's House—should be evidenced by any writing, or written memorandum signed by the parties, or either of them.

"If, therefore, you believe from the evidence that the plaintiff, Mr. Vincent, sold to the defendant, Mr. Veiths, his interest in the contract for the wrecking of the old Planter's House and the partnership assets of Vincent and Steffen, and his interest, if he had any interest, in the contract for the excavation and stone work in the new Planter's House, on or about the ninth day of July, 1892, for the sum of $500; and that said price was at that time fully and completely agreed upon between Mr. Vincent and Mr. Vieths, and that Mr. Vieths then agreed absolutely and without any condition to buy said interests and to pay said price therefor; and you further find and believe from the evidence that Mr. Vincent, the plaintiff, delivered possession of said interests to Mr. Vieths, the defendant, then you should find for the plaintiff in the sum of $500 with interest at six per cent. per annum from July 16, 1892, to this date."

The defendant asked the following instruction, which the court refused:

"The jury will find for defendant Vieths, if from the evidence they believe and find either that defendant Vieths did not absolutely agree to buy from and pay to plaintiff Vincent $500 for said Vincent's interest in the partnership of Steffen and Vincent and its assets, and whatever interests Vincent might have in the excavation and stone work, or that defendant did not actually

receive into his possession pursuant to such agreement of sale some part of said interest."

It is insisted by the plaintiff that the instruction given by the court fairly submitted the question of the delivery and acceptance of the property sold, thus satisfying the statute of frauds, and as the defendant's instruction simply submitted the same questions, it was properly refused. This is untenable, for the reason that the instructions are essentially different. The instruction given by the court did not require the jury to find that the defendant *accepted* the goods, which is made necessary under repeated decisions and by the plain words of the statute itself. *Harvey v. St. Louis Butchers, etc.*, 39 Mo. 211; *Kirby v. Johnson*, 22 Mo. 354; *Delventhal v. Jones*, 53 Mo. 460; section 5187, Revised Statutes of 1889. Section 5187, reads: "No contract for the sale goods, wares or merchandise for the price of $30 or upward, shall be allowed to be good, unless the buyer shall *accept* part of the goods so sold, and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing be made of the bargain, and signed by the parties to be charged with such contract, or their agents lawfully authorized." It is, therefore, evident that the mind of the circuit court was that the sale or assignment of a partnership interest did not fall within the proper meaning of the words "goods, wares and merchandise" in the foregoing section of the statute. If the trial court was right in this, the judgment will have to be affirmed, as there was evidence tending to prove an absolute oral agreement to buy.

That the words "goods, wares and merchandise" apply to movable or tangible articles, such as are capable of actual delivery and acceptance, the authorities all agree, but beyond this there is no well defined rule, and it would be a hopeless task to undertake to

reconcile the decisions.  The supreme court of Massachusetts, which has gone as far as any other American court in extending or broadening the application of the statutute, said (*Somerby v. Buntin*, 118 Mass. 285): "The words of the statute have never yet been extended by any court beyond securities which are subjects of common sale and barter, and which have a visible and palpable form."  ·The supreme court of Georgia thus states the rule:   "It is then a fair construction of the statute to limit the meaning of the word 'goods' to such personal property, other than wares and merchandise, as are usually transferred by sale and delivery; and, whatever else may be included, not to extend it to a chose in action, a right or authority to demand or receive money, a security or the evidence of debt." *Beers v. Crowell*, Dudley (Ga.), 28.  Both rules may be applied in the present case, although the Massachusetts rule is less restrictive.

Now it is unquestioned that one partner may sell his interest in the partnership.  But what does his vendee buy?  Only the interest which his vendor would have in the surplus, after the payment of firm debts and the adjustment of the partnership accounts.  Such is not a sale of an undivided interest in the *corpus* of the partnership property. *Menagh v. Whitwell*, 52 N. Y. 146; *Wallace's Appeal*, 104 Pa. St. 559; *Marquand v. N. Y. Mfg. Co.*, 17 John. 525; *Miller v. Brigham*, 50 Cal. 615; *Hill v. Bell*, 111 Mo. 35.  In other words, the purchaser of such an interest only acquires the right to demand an account and to receive a certain share of the surplus, which is a mere chose in action, or an intangible thing.  Applying either of the foregoing rules, we think that it is quite clear that such a sale does not fall within the provisions of the statute of frauds.  This precise question has not been passed on by any of the American courts, so far as our research has gone.  The only

ruling in this state, which may be said to have any bearing on the question, is the case of *Wiles v. Maddox*, 26 Mo. 77. In that case the court held that a sheriff might levy upon and seize specific partnership property to satisfy an execution against one of the partners. While the court held that only the interest of the execution debtor in the property would pass by the sale, and that the property could not be appropriated by the purchaser to the prejudice of partnership creditors, or the other partners, yet the purchaser would be entitled to the possession of the property sold. We assume that the court proceeded upon the theory, that the right and duty of the sheriff to sell and seize the goods carried with it the further duty of delivering them to the purchaser. This certainly forms an exception to the general rule, which denies to the assignee of one of the partners the right to be let into the possession of the partnership property. The reason for the rule is that a sale by one partner of his interest, *ipso facto*, dissolves the partnership, and the remaining partner has a lien on the partnership effects for the purpose of paying the debts of the concern and adjusting the partnership accounts, and for that purpose he has the exclusive right to the possession of the common property.

Our conclusion is that the judgment should be affirmed. All the judges concur.