JOE McGINTY et al., Appellants, v. C. T. ORR, Respondent.

**Kansas City Court of Appeals, March 6, 1905.**

1. **PARTNERSHIP: Settlement: Balance: Action.** A partner may sue at law a partner on a promise to pay a balance which has been struck and agreed upon.

2. ———: ———: ———: **Promise.** But where there is merely a conditional promise and the condition has not been performed, no action at law to recover the balance can be maintained.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*George E. Booth* and *W. R. Robertson* for appellants.

(1) It is well settled that one partner may sue another in an action at law where the business of the partnership is closed and there is but one unadjusted item growing out of the partnership business. Parsons on Partnership (4 Ed.), secs. 193, 194, 195; Feurt v. Brown, 23 Mo. App. 332; Byrd v. Fox, 8 Mo. 574; Whetstone v. Shaw, 70 Mo. 575; Bambrick v. Simms, 132 Mo. 51. (2) The statement filed in this case does not declare upon an account stated as it is not alleged that defendant agreed to pay plaintiffs' proportion on the amount found to be in his hands upon the settlement charged, and for that reason alone no account stated was alleged and, therefore, plaintiffs were not precluded by rules of evidence applicable in cases of actions upon accounts stated. Electrical Supply Co. v. Kroell, 85 Mo. App. 337; Lustig v. Cohen, 44 Mo. App. 271; Marion v. Waller, 53 Mo. App. 610; Willock v.

Railroad, 79 Mo. 77; Prendergast v. Ins. Co., 67 Mo. App. 430. (3) The tender which defendant made was an admission which entitled plaintiffs to a verdict for that amount at least, and the court, therefore, erred in forcing the plaintiffs to a nonsuit. Berman v. Hoke, 61 Mo. App. 380. (4) The offer of plaintiffs to repair the pump in controversy which was injured by reason of the neglect of the defendant, after it was returned to and accepted by him, was without consideration and a nullity, and even though it were construed as an offer to compromise, it does not now estop the plaintiffs from asserting their rights irrespective of the offer since defendant would not permit them to comply with it. Cook v. Ins. Co., 70 Mo. 615; Realty Co. v. Ins. Co., 94 Mo. App. 360.

BROADDUS, J.—This suit was brought before a justice of the peace where it was tried and appealed to the circuit court. At the close of plaintiffs' case they were compelled to take a nonsuit. After the proper motion to have the nonsuit set aside the plaintiffs appealed.

The plaintiffs and defendant were engaged as partners in mining. They entered into business about December 7, 1903. Before the expiration of the month the parties agreed that they would cease mining operations which latter were abandoned a few days thereafter. Plaintiffs returned to defendant the machinery they had received from him which had been used in the business, including a certain pump. This pump froze and bursted—plaintiffs claim—after it had been delivered to defendant. The latter insisted that he had the right to retain enough of plaintiffs' share of the profits to repair the pump, but later on he claimed that they should furnish a new one. They agreed to pay for repairing the pump but refused to pay for a new one.

McGinty v. Orr.

It was shown that all the debts of the concern were paid.

Examination of the partnership by the parties disclosed that after payment of all liabilities there was a partnership fund of $77.90 on hand. The defendant tendered to plaintiffs each a check for $7, but would not agree to divide the residue of the fund until plaintiffs would repair said pump. To this they assented, but after they had taken it to a mechanic the defendant notified them that they must furnish a new one, which they refused to do. Plaintiffs' suit is to recover the balance of their share of the $56.90 on hand.

"The general rule is, that a partner may sue at law a partner on a promise to pay a balance which has been struck and agreed upon." [Parsons on Partnership (4 Ed.), sec. 193.] The Supreme Court of Missouri has adopted this general rule. [Bambrick v. Simms, 132 Mo. 1. c. 51; Buckner v. Ries, 34 Mo. 357; Byrd v. Fox, 8 Mo. 574.]

The difficulty about plaintiffs' case is that there was not a settlement of the amount sued for and a promise by defendant to pay. The latter offered to pay $21 of the amount in controversy but plaintiffs refused to accept. He refused to settle and pay any part of the balance unless they would repair the pump, to which plaintiffs agreed. This was a conditional promise and the repair of the pump was not made. After defendant notified plaintiffs that they must furnish a new pump it does not appear that they had it repaired. Until this matter is determined there can be no settlement of the affairs of the partnership. If the plaintiffs are under obligations to repair the pump or furnish a new one it is impossible to say how much money will be on hand to distribute to the partnership. It is true that where a partnership has been adjusted in whole or in part, and a promise by one partner to pay to another his share thus adjusted, that part has been taken from the partnership account and an action at law may be

maintained to recover it. [Sec. 193, idem.] Or, if a partnership has been settled and items are omitted from such settlement by agreement, an action at law may be maintained for a recovery for a partner's share in the same. But we know of no law that will permit an action at law of one partner against another to recover where one or more items have prevented a settlement and a promise to pay by the one to the other. But this promise to pay need not be an express promise: it may be implied, because a promise is implied in closing the books and stating the balance.

Here, there was no express promise, and there is no evidence on an implied one. Affirmed. All concur.