## LEE DAY, Respondent, v. BEN W. STAFFORD, Appellant.

### Kansas City Court of Appeals, January 27, 1908.

1. **PARTNERSHIP: Purchase of Partner's Interest: Dissolution: Accounting.** The purchase of the interest of a partner in a partnership dissolves it and invests the purchaser not with an undivided interest in the corpus of the firm property, but with the interest of the selling partner in the surplus after the payment of the firm debts and the adjustment of the accounts.

2. ———: ———: ———: ———: **Action: Private Account.** After an accounting had and acquiesced in by all the partners the creditor partner may maintain an action at law to recover from the debtor partner the amount of interest thus found and agreed to be due him.

3. ———: ———: ———: ———: ———: ———. B, T and S formed a partnership for the purpose of building a county culvert. After the work was over and the money collected it was deposited in the name of S in the bank awaiting the adjustment of the partnership affairs. B sold his interest in the partnership to D and thereafter a balance was struck and accepted by D, T and S. *Held,* D could maintain an action against S for his part of the money in S's hands and the fact that there was a private matter existing between T and B which B had agreed to settle out of the partnership proceeds before his sale to S, will not make the settlement incomplete nor defeat the action.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*W. A. Banister & Guy B. Park* for appellant.

(1) There is not a word or line of evidence of a settlement of the partnership affairs, in fact the testimony of all the witnesses, including the three partners and respondent, is agreed that there was not a settlement. This being true, an action at law could not be maintained and defendant's demurrer at the close of the testi-

mony should have been sustained.   (2) Partners cannot
sue at law until there has been a settlement or account
stated.   Scott v. Caruth, 50 Mo. 120; Railway v. Kim-
mel, 58 Mo. 83; Bambrick v. Sims, 132 Mo. 48.   (3) By
settlement is meant that the parties have had an ac-
counting between themselves, and have agreed upon a
balance or sum certain owing by one to the other, and
which said debtor has agreed (either expressly or im-
pliedly) to pay.   Davis & Co. v. Boswell &. Strawn, 77
Mo. App. 294; Bambrick v. Sims, 132 Mo. 48; Johnson
v. Ewald, 82 Mo. App. 276.   (4) It is true that where
there has been a settlement except as to one item an
action at law will lie (Whitstone v. Shaw, 70 Mo. 575
and Buckner v. Ries, 34 Mo. 357), but such is not this
case.   Here there was no settlement at all.   McGinty v.
Orr, 110 Mo. App. 336; Johnson v. Ewald, supra.   (5)
If Miss Stafford did have the books and accounts "fig-
ured up," that constituted no settlement.   Bambrick v.
Sims, 132 Mo. 48.   (6) The assignment by Van Bryan
of his interest to Day on the 23rd dissolved the partner-
ship and Van Bryan had no right on the 24th, as the
petition says he did, to settle.   This right was trans-
ferred to Day and, by the way, it was the only right in
the partnership that Day acquired.   Vincent v. Vieths,
60 Mo. App. 14; Freeman v. Hemenway, 75 Mo. App.
614.

*James H. Hull* for respondent.

(1) The court committed no error in overruling
appellant's demurrer offered at the close of respondent's
evidence in the case, nor in again overruling appellant's
demurrer offered at the close of all the evidence in the
case.   Bryan v. Wear & Hickman, 4 Mo. 107; Vaulx v.
Campbell, 8 Mo. 224; Gregory v. Chambers, 78 Mo. 294;
Wolf v. Campbell, 110 Mo. 114; Gordon v. Burris, 141
Mo. 609; Sechorn v. Bank, 148 Mo. 256; Hugumin & Co.
v. Hinds and Weissgerber, 97 Mo. App. 346; Bank v.

Hammond, 101 S. W. 677.  (2)    Where there is but one item of account unadjusted between partners, it may be settled in an action at law.    Buckner v. Ries, 34 Mo. 357; Byrd v. Fox, 8 Mo. 574; Russell v. Grimes, 46 Mo. 410; Bambrick v. Simms, 132 Mo. 51; Scott v. Garuth, 50 Mo. 120; Laney v. Fickel, 83 Mo. App. 60.   (3)    There need be no express promise to pay on the part of the debtor; it may be implied, because a promise is implied in closing the books and stating a balance.    Johnson v. Ewald, 82 Mo. App. 283; Scott v. Caruth, 50 Mo. 120; Laney v. Fickel, 83 Mo. App. 60; McGinty v. Orr, 110 Mo. App. 336.   (4)    The sale by Van Bryan of his interest in the partnership funds to respondent worked a dissolution of the partnership and he acquired Van Bryan's interest in the residue after the partnership debts and liabilities were discharged, and he had authority to settle with the other members of the partnership.    Tenet, Walker & Co. v. Gunther, 31 Mo. App. 429; Vincent v. Vieths, 60 Mo. App. 14; Freeman v. Hemenway, 75 Mo. App. 614.

JOHNSON, J.—This is a suit at law brought by the assignee of the interest of a partner in a partnership against the copartner who held the property of the firm to recover the amount of the interest of the assignor, ascertained to be due by a settlement of the partnership affairs.   Verdict and judgment were for plaintiff in the sum of $61.63, and defendant appealed.

The chief questions of law presented arise from the contention of defendant that his request for an instruction in the nature of a demurrer to the evidence should have been granted.   It is argued that the evidence most favorable to plaintiff is insufficient to support the allegation of the petition that before this action was instituted the partners had settled their joint affairs, struck a balance, and that defendant had agreed to pay plaintiff the amount thus found to be due from him to the partner

whose interest plaintiff had purchased. It appears from the evidence introduced by plaintiff that Ben. W. Stafford (the defendant), P. D. Thoms and Van Bryan associated themselves together as partners to build a culvert for Buchanan county under contract with the county court. When the work was completed, they received from the county the sum of $640, the contract price and the money was turned over to defendant who deposited it in bank to his credit, under the agreement of the partners that he should settle up the affairs of the partnership, pay the debts, and divide the surplus, if any, equally among the three partners. Soon, thereafter, Van Bryan proposed to sell his interest in the fund to plaintiff. Before he would buy it, plaintiff saw defendant and asked him: " 'How much is coming to Mr. Van Bryan on this culvert?' He says, 'Lee, I don't know exactly.' I says, 'As much as sixty dollars?' He says 'Yes, and more too; between seventy and eighty dollars, I think; maybe more. I ain't sure of that. We never have figured it all up to settle it.' "

Plaintiff then bought and paid for the interest of Mr. Bryan and received from him the following written order addressed to defendant:

"June 23, 1906.

"Mr. Ben Stafford:

"Please pay to Lee Day in full the amount due me on culvert."

After this, plaintiff had several conversations with defendant on the subject of a settlement, in the last one of which he was informed, in substance, that the debts of the firm had been paid in full, the books balanced and that the amount found to be due Mr. Bryan as his share of the profits was $61.63. Plaintiff expressed his assent to the results of this settlement and requested payment of the amount, whereupon, defendant informed him that while the other partner, Mr. Thoms, had agreed to the

settlement, he was unwilling that Bryan's share should be paid plaintiff except on condition that an old debt Bryan owed Thoms be paid first out of the money. It is conceded that this debt which amounted to about $20 was a personal matter between Thoms and Bryan and entirely disconnected with the partnership transaction, but Thoms claimed Bryan had agreed that it should be paid out of the latter's share of the profits of the culvert contract and would not assent to any other arrangement. Plaintiff would not agree that Thoms should be paid in this manner and brought the present suit to collect Bryan's full share of the surplus as ascertained by the settlement.

A partner may sell his interest in the partnership. In effect, such sale operates as a dissolution of the partnership and invests the vendee, not with the undivided interest in the corpus of the firm property owned by the vendor, but with the interest of the latter in the surplus after the payment of firm debts and the adjustment of the partnership accounts. [Vincent v. Vieths, 60 Mo. App. 9; Freeman v. Hemenway, 75 Mo. App. 611.] Plaintiff, as the purchaser of the interest of Bryan had the right to demand an accounting, make settlement with the remaining partners and receive the share of the surplus he had purchased. That he made such demand and received an accounting from defendant, and, that he and defendant and Thoms agreed on the amount of the share each had in the surplus remaining after the debts had been paid, are facts which clearly appear from the evidence introduced by plaintiff. While it is true that unsettled partnership affairs may be adjusted in court only by a proceeding in equity, equally is it true that where the parties agree on the terms of a settlement and the amount due each partner is ascertained and acquiesced in by all of the partners, an action at law may be maintained by a creditor partner to recover from the debtor partner the amount of the interest thus found

and agreed to be due him.   [Scott v. Caruth, 50 Mo. 120;
Railway v. Kimmel, 58 Mo. 83; Bambrick v. Simms, 132
Mo. 48; Johnson v. Ewald, 82 Mo. App. 276; Whetstone
v. Shaw, 70 Mo. 575; Buckner v. Ries, 34 Mo. 357; Mc-
Ginty v. Orr, 110 Mo. App. 336; Jackson v. Powell, 110
Mo. App. 249.]

Under this rule, the evidence of plaintiff was suffi-
cient to take to the jury the issue of whether or not the
accounting and settlement had been made prior to the
beginning of this suit.   Defendant is in error in sup-
posing that the position taken by Mr. Thoms with refer-
ence to the payment of the personal debt owed him by
plaintiff's vendor left the affairs of the partnership un-
settled.   We are reminded by defendant of what we said
in McGinty v. Orr, supra, that "we know of no law that
will permit an action at law of one partner against
another to recover where one or more items have pre-
vented settlement and the promise to pay by the one to
the other," but we were speaking there of unsettled items
connected with the partnership transaction.   Thoms had
no lien on the interest of Bryan in the partnership sur-
plus for his outside debt, nor could that debt, in any
manner, enter into the settlement of the partnership af-
fairs.   No claim is made of want of good faith in the
purchase made by plaintiff and the effect of the sale was
the conveyance to plaintiff of the entire interest of his
vendor in the fund.   The demurrer to the evidence was
properly overruled.   Other points made by defendant
are answered fully in what has been said.

The judgment is affirmed.   All concur.