ROBERT N. MOSS, appellee, v. JAMES GOTTLIEB, dba WESTERN TRANSPORTATION COMPANY, appellant.

## No. 48251.

(Reported in 60 N.W.2d 507)

OCTOBER 20, 1953.

REHEARING DENIED DECEMBER 18, 1953.

John D. Randall, of Cedar Rapids, for appellant.

Thomas L. Woods, of Cedar Rapids, for appellee.

WENNERSTRUM, J.—An action was brought by plaintiff, Robert N. Moss, and against the defendant, James Gottlieb d/b/a Western Transportation Company, seeking an accounting. The trial court found in favor of the plaintiff and the defendant has appealed.

The plaintiff in his petition alleged he and Millard E. Powers entered into an oral contract with the defendant under which arrangement the plaintiff and Powers were to purchase a 1946 International truck tractor. The tractor then was to be leased to the defendant for the pulling of trailers for the Western Transportation Company. It was further pleaded the defendant agreed to reimburse the plaintiff and Powers for the use of such tractor on a mileage payment basis of seven cents per mile less such amounts that might be due the defendant for gas, oil and operating expenses incurred by the defendant in connection with the operation of the tractor. The balance remaining was to be applied on the purchase price of the tractor. The defendant by his amended and substituted answer admitted the purchase of the International tractor by Powers and Moss but denied any payments were made as provided by the agreement or that the tractor was ever put in service by the claimed partnership or that it was ever transferred to them, and further maintains no claim had heretofore been made against the defendant for any money because of the operation of the tractor. The defendant further pleaded Millard Powers had refused to complete his contract for the purchase of the tractor and thereafter released

and assigned his interest in the motor vehicle to the defendant.

On October 25, 1946, the plaintiff, according to his own testimony, along with Millard E. Powers, entered into an oral contract with James Gottlieb for the purchase of the International tractor heretofore referred to. Both Moss and Powers were then employees of the defendant who was the owner and operator of the Western Transportation Company which has an office in Cedar Rapids. The plaintiff further testified he and Powers were to get seven cents per mile for each mile the tractor was driven, that they were not to realize anything from their purchase until the tractor was paid for and during this time the Western Transportation Company was to pay the driver. In order to finance the purchase of the tractor in question the plaintiff and Powers on October 25, 1946, executed their promissory note in the amount of $2120 made payable to the Terminal National Bank of Chicago, Illinois. At this same time there was also executed to the bank a chattel mortgage as security for the note given. At the time of the trial the chattel mortgage and note were introduced in evidence, both of which showed a "paid" stamped imprint of the bank. The trailer tractor was registered in the name of the Western Transportation Company.

Following the purchase of the tractor Powers brought it from Chicago to Clinton from which city he and Moss planned to carry on some of their trucking operations. Subsequently the tractor was used by a driver employed by the plaintiff and Powers and the record shows at the time of the trial the tractor was still being operated by the Western Transportation Company. It is shown Powers later discontinued his employment with the defendant and the Western Transportation Company and on May 6, 1947, executed a release to James Gottlieb d/b/a the Western Transportation Company and James Gottlieb and Ted Gottlieb d/b/a the Central Leasing Company. This release was signed only by Powers but the plaintiff declined to sign it. The driver originally employed by the plaintiff and Powers drove this tractor until July 18, 1948, and he was the only driver of it during that period. During this time he drove the tractor 105,000 miles and he testified at the time of the trial the reasonable value of it was $1500.

The plaintiff in his testimony denied he and Powers were in partnership but that they each had a one-half interest in the enterprise. He also stated he and Powers were responsible for the indebtedness and were to share in the profits. He further testified he paid about five dollars expense money in connection with the operation of the tractor.

Millard Powers as a witness for the plaintiff testified on cross-examination that he and Moss were partners in the operation of the truck and in the responsibilities and obligations for the truck with the Western Transportation Company. He also testified the truck was the joint property of Moss and himself and that when he signed the release he released his interest in it.

The trial court in its findings of fact and conclusions of law determined there was due to the plaintiff from the defendant, after allowing the defendant all credits to which he was entitled, the sum of $1363.86. We shall not set out the computation made by the trial court. Suffice it to say the court found there was a net amount due of $2259.84 in favor of both the plaintiff and defendant as the assignee of Powers. One half of this sum or $1129.92 was found by the court to be the share due the plaintiff. It also found and charged against the defendant the sum of $233.94 for gas purchased and charged to the plaintiff. This last named amount with the sum of $1129.92 makes a total of $1363.86. Judgment for this amount was entered against the defendant and in favor of the plaintiff. It is of interest to note the defendant offered no evidence at the trial. The entire record as submitted to us is upon the testimony as presented by the plaintiff and the witnesses called by him.

Trial was commenced on September 20, 1948, and was originally concluded the third day following. Due to subsequent pleadings filed and continuances sought and granted the findings of fact and conclusions of law of the trial court were not filed until August 21, 1951. The reason for the delay in submitting the cause to this court is not disclosed by the record.

There are many questions argued in connection with defendant's appeal but the propositions relied upon for reversal are: (1) the plaintiff had no right to maintain an action for a

partnership accounting and the court had no right to award a judgment to an individual partner when all parties were not represented and there had been no partnership accounting either pleaded or proven; (2) the court committed reversible error in holding as it did in its findings and judgment inasmuch as there was no competent evidence to sustain its findings and that its conclusions were contrary to the applicable law; (3) that the judgment was not supported by the facts in the record, was contrary to the law, that the court erred in considering evidence that was neither competent nor material and that the judgment was inequitable and unjust.

The defendant in his reply argument further summarizes the claimed errors, stating he had selected only two, one of which related to the fact the plaintiff as an individual partner had no right to maintain an action for a partnership accounting. The second proposition appears to be based on the theory that the admissible evidence does not support the findings of the trial court. He further makes claim in his argument that the case was started as an action at law and was then transferred on the court's own initiative to an action in equity. However, this ground is not set out as a basis for reversal, as heretofore noted.

The defendant makes a statement in his reply brief to the **effect that there is** a confusion about this entire case which makes it extremely difficult to argue. We are in full accord with this statement. However, we shall endeavor to pass upon the legal propositions submitted as a basis for reversal under the involved record and equally involved arguments.

I. There appears to be no controversy that in the original arrangements between Moss and Powers there was a somewhat nebulous partnership agreement. Moss said it was not a partnership and that it was a matter of joint ownership. However, Powers testified the two men were partners, that they were both obligated for the note and mortgage indebtedness and were to share the profits. It would appear that the arrangements could be classified as a partnership. Florence v. Fox, 193 Iowa 1174, 1180, 188 N.W. 966. We must then consider, conceding there was a partnership, whether the plaintiff had a right to

maintain an action for a partnership accounting. We are committed to the rule that every action must be prosecuted in the name of the real party in interest. Rule 2, R. C. P.. In the instant case Powers, by his assignment of his interest in the tractor to the defendant, sought to withdraw himself from the imputed partnership. It has been held that a sale or assignment by a partner of his interest in partnership property to a third party does not necessarily dissolve a partnership but is merely evidence of such dissolution. See Waller v. Davis, 59 Iowa 103, 105, 12 N.W. 798. However, it has also been held that dissolution results from a partner's sale to a third person of his interest in the partnership property. 68 C. J. S., Partnership, section 346, pages 852, 853. See also In re Assignment of Cutler & Horgen, 204 Iowa 739, 741, 212 N.W. 573, 217 N.W. 448, 54 A. L. R. 527. It has been held where a partner has dissolved the partnership and has disclaimed any interest he is not a necessary party to an action on a firm's claim. 68 C. J. S., Partnership, section 376(b), page 889. And in the case of Wright v. Scotton, 13 Del. Ch. 402, 121 A. 69, 31 A. L. R. 1162, it was held that where a former partner had retired from a partnership before a suit was brought he was not a necessary party plaintiff.

 It is our conclusion that under the circumstances shown the plaintiff was the proper party as plaintiff and could bring the present action for accounting.

II. It is true plaintiff entitled his original pleading as a "Petition at Law" and in his prayer asked for a money judgment "against the defendant as may be found to be due and owing this plaintiff * * * and that said defendant be required to account for any sums due and owing said plaintiff over and above the costs of one half of said vehicle * * *." On September 22, 1948, following the completion of the taking of testimony, plaintiff filed a petition in equity or amendment to conform to the proof. On June 19, 1951, the defendant filed his amendment to amended and substituted answer. On June 20, 1951, there were further proceedings held. The record further shows on June 19, 1951, the defendant filed an amended and supplemental motion to dismiss at the close of plaintiff's evidence and renewed it after both parties rested.

As previously related, the defendant introduced no evidence. There is no allegation in defendant's motion to dismiss relative to any claimed error on the part of the court in trying this case as an equitable action. Likewise, as previously shown, this situation is not set forth as a proposition relied on for reversal. In connection with the situation here presented see Johanik v. Des Moines Drug Co., 235 Iowa 679, 683, 17 N.W.2d 385.

It might appear plaintiff's action is somewhat fantastic. This is not correct. The trial court. allowed the defendant full credit for the value of the truck tractor at the time of the original agreement and then allowed the plaintiff the amount due under the oral contract. The defendant apparently sought a means of obtaining money in connection with the financing of the truck tractor. He has no reason to now complain of the cost. It was in keeping with the agreement.

With the record restricted to the testimony presented by the plaintiff we have concluded the trial court's findings of fact and conclusions of law were justified and proper.—Affirmed.

All JUSTICES concur.