**Gary ELLEBRACHT, a minor, by and through his Next Friend and mother, Mrs. Mary W. Ellebracht, Plaintiffs,**

v.

**Gary SIEBRING, et al., Defendants.**

**No. 80–4063–CV–C–W.**

United States District Court, W. D. Missouri, W. D.

Sept. 10, 1981.

---

Paul L. Redfearn, III, Kansas City, Mo., for plaintiffs.

James Borthwick, Floyd R. Finch, Jr., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

In this products liability action, the plaintiff has alleged, in part, that a farm implement manufactured by Siebring Manufacturing Company severely injured him in 1968. The defendants, who presently own Siebring Manufacturing Company, have moved to quash service of process and to dismiss for lack of personal jurisdiction. As residents of Iowa, they contend that they are not amenable to service of process under the strictures of the Missouri Long-Arm Statute. In support of their contention, the defendants claim that none of them were members of the partnership which manufactured the allegedly defective farm implement. The plaintiff, in response, claims alternatively that service is proper because either the defendants are members of the same partnership which manufactured the farm implement, one defendant assumed one-third of the liabilities of the partnership which manufactured the implement, or the defendants are liable under a theory analogous to the doctrine of "successor corporation liability."

Both parties have submitted extensive briefs on the issue of personal jurisdiction.

Oral arguments were heard on the issue. On review of the arguments presented by both sides, the Court grants the defendants' motions to quash service of process and to dismiss for lack of personal jurisdiction.

## I

In this diversity action, this Court may assert personal jurisdiction over the Iowa defendants, if the Iowa defendants are amenable to service of process under the Missouri Long-Arm Statute. *Wooldridge v. Beech Aircraft Corp.*, 479 F.Supp. 1041 (W.D.Mo.1979). The Missouri Long-Arm Statute provides, in pertinent part, that

> 1. Any person or firm . . . who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm or corporation . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts. . . .

Section 506.500, RSMo 1978. The plaintiff has alleged that the defendants have committed a tortious act within the State of Missouri. Section 506.500(3), RSMo 1978. If the defendants did, in fact, manufacture the farm implement which allegedly injured the plaintiff, then they are amenable to process under the Missouri Long-Arm Statute. *See, World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (commission of tort as a minimum contact). The Court finds, as a matter of law, however, that none of the defendants were members of the partnership which manufactured the purportedly defective farm implement, that one defendant did not assume one-third of the liabilities of the partnership which did manufacture the implement and that the doctrine of "successor corporation liability" is inapplicable. Therefore, the defendants have not committed any act sufficient to bring them within the scope of the Missouri Long-Arm Statute.

### A. *Separate and Distinct Partnerships*

■ The defendants contend that they were not members of the partnership which manufactured the farm implement which allegedly injured the plaintiff. As a matter of the partnership law of Iowa, the defendants were not members of the partnership which manufactured the implement and, as a consequence, cannot be held liable for any tort committed by the manufacturing partnership. As the uncontested facts in this case demonstrate, a series of either five or six separate partnerships have been formed under the name Siebring Manufacturing Company. While several newly-formed partnerships were composed of members of a prior partnership, none of the defendants were members of the partnership which manufactured the farm implement.

■ The first partnership ("Partnership A") known as Siebring Manufacturing Company was formed in 1941 by Claude, Owen and Grace Siebring. Each was an equal partner. The company manufactured the farm implement which allegedly injured the plaintiff at sometime between 1958 and 1964. In 1958, the three partners entered into an agreement which provided that their partnership would not terminate on the death of one of them. The deceased partner's heirs or beneficiaries would assume that partner's interest and be substituted for the deceased partner. This agreement was first tested in 1965 when Claude died. At that time, the Estate of Claude became the substitute member of the partnership in place of Claude. While the substitution of the Estate would normally dissolve and terminate the partnership, an agreement by the partners can legally provide otherwise. *See, Williams v. Schee*, 214 Iowa 1181, 1186, 243 N.W. 529, 531 (1932). Thus, construing the effect of the 1958 agreement in a light most favorable to the plaintiff, a new partnership was not formed when the Estate of Claude was substituted for Claude.

When the Estate of Claude was closed in 1967, Owen purchased the only interest not already owned by himself or Grace from his brother, Barton Siebring. Under Iowa law, Owen's purchase of Barton's interest did constitute a breach of the 1958 agreement and did dissolve Partnership A. *Moss v.*

*Gottlieb*, 245 Iowa 304, 60 N.W.2d 507, 509–10 (1953); *Waller v. Davis*, 59 Iowa 103, 12 N.W. 798, 800 (1882). Thus, Partnership A, which manufactured the implement, was terminated in 1967. Though Owen and Grace did not assume the liabilities of Partnership A by an express contract, they remained liable until their death for any injury caused by the implement they manufactured. The plaintiff must, therefore, bring his cause of action against the estates of either Claude, Owen or Grace, since each is now deceased, within the time allowed by the Iowa Probate Code. *Lamp v. Lepfert*, 259 Iowa 902, 146 N.W.2d 241, 245 (1966); *Williams v. Schee*, 214 Iowa 1181, 243 N.W.2d 529, 533 (1932).

■ The burden of proving a continuing partnership rests with the plaintiff. *Pay-N-Taket, Inc. v. Crooks*, 259 Iowa 719, 145 N.W.2d 621, 625 (1966). The plaintiff contends that, under Iowa law, a distinction is drawn between dissolution and termination, and that Partnership A, though dissolved on several occasions, has never been terminated. The plaintiff has correctly noted the distinction between dissolution and termination. Under Iowa law, a partnership continues, after dissolution, only for the purpose of "winding up" the partnership affairs. *Wolf v. Murrane*, 199 N.W.2d 90, 98 (Iowa 1972). "Winding up" usually comprises the completion of old business, collection and payment of debts, and the distribution of remaining assets to the partners. *Gibson v. Deuth*, 270 N.W.2d 632, 635 (Iowa 1978). The termination of partnership affairs can occur contemporaneously with dissolution, if one or more partners desire to take over and continue the business. *Id.* at 635–36. This is, precisely, what transpired when Owen Siebring, in 1967, purchased the outstanding partnership interest held by Barton and continued the business with Grace. *See, Id. See also, Medd v. Medd*, 291 N.W.2d 29, 34 (Iowa 1980). The Court finds as a matter of law from the uncontested facts that Partnership A was dissolved and terminated in 1967 and that a second partnership (Partnership "B") was formed in 1967 between Owen and Grace. Therefore, none of the three defendants can be served with process under the Missouri Long-Arm Statute as active members of the partnership which manufactured the farm implement.

### B. *One Defendant's Assumption of Prior Partnership Liabilities*

■ In 1968, Gary Siebring entered into a contract with Grace Siebring which provided that Gary would "assume one-third of all accounts payable as of January 1, 1969, and ... [a] one-third share of any other obligations of the *partnership*" (emphasis added) known as Siebring Manufacturing Company. On the basis of that clause in the contract of sale, the plaintiff asserts that Gary assumed every obligation, including liability for the farm implements manufactured by Partnership A, that Grace incurred as a member of all successive partnerships known as Siebring Manufacturing Company. As the plain language of the contract indicates, Gary expressly assumed only one-third of the obligations incurred by Partnership B.

■ As Iowa law makes clear, a purchaser (Gary) of a partner's (Grace) interest does not assume liability for the torts of a prior partnership except by express contract. *Tuller v. Leaverton*, 143 Iowa 162, 121 N.W. 515, 516 (1909). Thus, under the principle established by *Tuller*, Gary assumed only one-third of the liabilities of Partnership B, and did not assume any liabilities of Partnership A, since he did not expressly contract to assume any liabilities of Partnership A. *Id.* Since Gary Siebring did not assume any liabilities of the partnership which allegedly committed a tortious act in Missouri, he cannot be served with process under the Missouri Long-Arm Statute.

### C. *Doctrine of "Successor Corporation Liability"*

■ The plaintiff lastly contends that this Court can assert personal jurisdiction over the defendants on a theory analogous to the doctrine of "successor corporation liability." Under that doctrine, courts have

held corporations, which are successors in interest to the manufacturers of certain products, liable for injuries caused by the particular products manufactured by its predecessor. The courts of Iowa have not acknowledged this doctrine. The doctrine has not been adopted in Missouri. *See, Tucker v. Paxson Machine Co.*, 489 F.Supp. 391, 392 (E.D.Mo.1980).

Since the courts of Iowa and Missouri have not applied the doctrine in the context of the law of corporations, this Court cannot leap-frog the development of the law and apply the doctrine to partnerships. In reading the decisions in the courts of each state, this Court finds no collective inclination on the part of jurists in either state to apply the doctrine of successor liability to corporations or to partnerships. Therefore, this Court must refrain from asserting personal jurisdiction over the defendants on this theory.

## II.

The plaintiff has failed to establish personal jurisdiction over these defendants. *Block Industries v. D.H.J. Industries, Inc.*, 495 F.2d 256, 259 (8th Cir. 1974).

For all of the reasons stated above, it is hereby

ORDERED that defendants' motion to quash service of process and to dismiss for lack of personal jurisdiction is granted. It is further

ORDERED that each party bear its own costs.